# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SEAN DAVISMOORE, | ) | CASE NO. 1:18CV1468 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL DAVIS, et al., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the complaint of *pro se* Plaintiff Sean Davismoore ("Plaintiff" or "Davismoore"), alleging that defendants violated his rights by depriving him of kosher meals at the Lake Erie Correctional Institution ("LECI") (ECF DKT #1). For the reasons that follow, this case is dismissed.

## I. BACKGROUND

Plaintiff brings this action against Michael Davis ("Davis") (religious services administrator Ohio Department of Rehabilitation and Corrections ("ODRC")), Brigham Sloan ("Sloan") (warden, LECI), and J. King ("King") (warden, special programs LECI)) (collectively "Defendants"). In his brief Complaint, Plaintiff claims that Defendants failed to provide him with kosher meals in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First, Fifth and Fourteenth Amendments of the United States Constitution. (ECF DKT #1 at 3). In support, Plaintiff alleges that he was approved for kosher meals until December 4, 2017, when all kosher meals were stopped. Plaintiff states that he was informed by

the kitchen staff that King ordered them to stop providing kosher meals at LECI. (*Id*. at 4).

Plaintiff alleges that he was advised to re-file for a religious accommodation to receive kosher meals, which he did, but was denied twice. (*Id*.) Plaintiff attaches the denial of his requests to the Complaint. In the first, dated November 28, 2017, Davis denied Davismoore's request on the grounds that "DRC currently provides a reasonable meal accommodation." (ECF DKT #1-3). In the second, dated February 2, 2018, Davis denied Davismoore's request on the grounds that Davis was "unable to determine the extent to which this request reflects a strongly held religious belief." (ECF DKT #1-4).

Plaintiff states that he filed an informal grievance, complaint and appeal concerning the provision of kosher meals, but all were denied. (ECF DKT #1 at 4). Plaintiff asks this Court to order the ODRC to "provide kosher meals to the Jewish Inmates" because kosher is a dietary law that is followed by all Jews.[1] (*Id*. at 5).

## II. DISCUSSION

**A. Standard of Review**

Pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, federal district courts are expressly required under 28 U.S.C.

---

[1] To the extent that Plaintiff is attempting to represent Jewish inmates at LECI other than himself, he may not do so. *See Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (affirming district court's refusal to certify a class action proposed by a *pro se* plaintiff inmate because "*pro se* prisoners are not able to represent fairly the class") (citations omitted); *see also Proctor v. Applegate*, No. 07-12414, 2008 WL 2478331, at *1 (E.D. Mich. June 16, 2008) (*pro se* prisoner may only represent himself with respect to his individual claims and cannot bring claims on behalf of other prisoners) (collecting cases). Because Plaintiff cannot bring claims on behalf of other prisoners, any such claims are dismissed without prejudice and the Court will consider the Complaint only with respect to Plaintiff's individual claims.

§ 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Notwithstanding liberal pleading construction, *pro se* plaintiffs must still meet the basic pleading requirements of Fed. R. Civ. P. 8 and the Court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) and § 1915(A). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

In order to state a plausible claim for relief, a plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Iqbal*, the United States Supreme Court discussed *Twombly* and provided additional analysis of this standard: "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

B. **Analysis**

The Court liberally construes Plaintiff's Complaint to assert alleged constitutional violations pursuant to 42 U.S.C. § 1983. Section 1983 is not a source of substantive rights, but a means by which Plaintiff may seek relief for the deprivation of rights secured by the Constitution and federal laws. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted). To state a claim under § 1983, Plaintiff must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citation omitted).

1. **Warden Sloan is dismissed**

As an initial matter, there are no allegations in the Complaint that Sloan was personally involved in the claimed denial of kosher meals to Plaintiff. Merely listing Sloan in the case caption is insufficient to state a plausible claim for relief against him. *See Moore v. Michigan*, No. 1:07-CV-561, 2008 WL 724151, at *9 (W.D. Mich. Mar. 17, 2008) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.") (collecting cases).

Sloan is only liable under § 1983 if he was personally involved in the alleged deprivation of Plaintiff's constitutional rights, or implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing among authority *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976)). Sloan is not liable under § 1983 on a theory of vicarious liability or respondeat superior simply because he is the warden at LECI. *Id.* (citing *Monell v. Dep't of Soc. Srvs.,* 436 U.S. 658 (1978)); *Colvin v. Caruso*, 605

F.3d 282, 292 (6th Cir. 2010).

Plaintiff alleges that he filed a complaint, grievance and appeal concerning the discontinuation of kosher meals, but does not indicate which, if any, of the Defendants were involved in that process. (ECF DKT #1 at 4). Even if Sloan were involved, Plaintiff nevertheless fails to state a plausible claim because § 1983 liability may not be imposed simply because Sloan denied his grievance or appeals, or failed to act on a grievance or appeal. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (citations omitted); *see also Proctor v. Applegate*, 661 F. Supp. 2d 743, 766 (E.D. Mich. 2009) (To the extent that an inmate is dissatisfied with the responses to his grievances, he fails to state a § 1983 claim because a prison grievance procedure does not confer any substantive rights.) (collecting cases).

Plaintiff fails to state a plausible claim against Sloan upon which relief may be granted and Sloan is dismissed from this action pursuant to § 1915(e).

**2. Plaintiff's First Amendment and RLUIPA claims are dismissed**

The free exercise clause of the First Amendment to the United States Constitution, which provides that Congress shall make no law prohibiting the free exercise of religion, applies to the states by virtue of the Fourteenth Amendment. *See Cantwell v. Connecticut*, 310 U.S 296, 303 (1940). A prisoner does not check his First Amendment right to the free exercise of religion at the prison door, but that right is subject to reasonable restrictions and limitations. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). To establish a free exercise First Amendment claim, a plaintiff must initially show that: (1) the belief or practice he seeks to protect is religious in his "own scheme of things," (2) his belief is sincerely held, and (3) defendant's behavior infringes upon

5

this practice or belief.[2] *See Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987) (citation omitted). "[T]he touchstone for determining whether a religious belief is entitled to free-exercise protection is an assessment of whether the beliefs professed ... are *sincerely held,* not whether the belief is accurate or logical." *Colvin*, 605 F.3d at 298 (emphasis in original) (internal quotation marks and citation omitted).

Similarly under RLUIPA,[3] the focus is on the sincerity of the prisoner's professed religious belief. *See id*. (citing *Cutter v. Wilkinson,* 544 U.S. 709, 725 n.13 (2005) (citations omitted)). "In order to state a claim for a RLUIPA violation, an inmate must allege that his 'request for an accommodation [is] sincerely based on a religious belief' and that the defendant's 'policy substantially burdened that exercise of religion.'" *Crawford, v. Core Civic,* No. 3:18-CV-00800, 2019 WL 1440288, at *2 (M.D. Tenn. Mar. 29, 2019) (quoting *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (citation omitted)).

Plaintiff does not allege that he is Jewish. But the denial of his request for kosher meals by Davis, which is attached to the Complaint, identifies Plaintiff as a Messianic Jew. (*See* ECF DKT #1-4). Plaintiff alleges that he was approved for kosher meals until December 4, 2017, when all kosher meals were stopped. But there is nothing in this claim, even if true, from which the Court can infer that maintaining a kosher diet is Plaintiff's sincerely held religious belief.

---

[2] The next step is to determine whether the prison official's challenged behavior furthers some legitimate penological objective. *Kent*, 821 F.3d at 1225 (citations omitted).

[3] RLUIPA provides in relevant part that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates the imposition of the burden on that person (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000cc-1(a). RLUIPA creates a private cause of action for incarcerated persons alleging that a state government has substantially burdened their religious exercise. *Cutter v. Wilkinson*, 423 F.3d 579, 582-83 (6th Cir. 2005) (citing 42 U.S.C. §2000-1(a), 2(a)).

Plaintiff claims that kosher is a dietary law that "all forms of Jews follow." But even if true, the Court cannot infer from this allegation that the practice of keeping kosher is Plaintiff's sincerely held religious belief. "[T]he 'mere assertion of a religious belief does not automatically trigger First Amendment protections. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protections.'" *Hernandez v. Pugh*, No. 4:12CV2040, 2013 WL 30194, at *2 (N.D. Ohio Jan. 2, 2013) (quoting *Dehart v. Horn,* 227 F.3d 47, 51 (3d Cir. 2000) (en banc)).

Plaintiff's claims in the instant action are distinguishable from those in *Yaacov v. Mohr*, where the Sixth Circuit held that Yaacov's allegation that he maintained a meatless kosher diet for six years prior to the ODRC's change in food service provider was sufficient to adequately allege a sincerely held religious belief. *Yaacov v. Mohr*, No. 16-4361, 2018 WL 6333604, at *2 (6th Cir. June 5, 2018). There are no similar claims in the instant Complaint that would support an inference by this Court that Plaintiff's desire for kosher meals is based upon his sincerely held religious belief.

Because Plaintiff does not allege nor can the Court infer that his desire for a kosher diet is based upon his sincerely held religious belief, Plaintiff fails to state a First Amendment and RLUIPA claim upon which relief may be granted and those claims are dismissed pursuant to § 1915(e). *See Hernandez v. United States*, No. 4:11 CV 1737, 2011 WL 5971028, at *4-5 (N.D. Ohio Nov. 28, 2011) (dismissing pursuant to § 1915(e) plaintiff's First Amendment and RFRA claims regarding the service of kosher food on the grounds that plaintiff made no allegations regarding his own belief system or allege that his desire for kosher food is religion-based or a sincerely held belief).

### 3. Plaintiff's Fifth and Fourteenth Amendment claims are dismissed

*Equal protection*

The Complaint is unclear regarding the nature of Plaintiff's Fifth and Fourteenth Amendment claims. To the extent that Plaintiff is alleging an equal protection claim pursuant to the Fourteenth Amendment, that claim is dismissed pursuant to § 1915(e). "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005)). "The 'threshold element of an equal protection claim is disparate treatment[.]'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Scarbrough v. Morgan Cty. Bd. of Educ.,* 470 F.3d 250, 260 (6th Cir. 2006)).

Plaintiff has not alleged disparate treatment in connection with his allegations concerning the denial of a religious diet. To the extent that Plaintiff is asserting an equal protection claim under the Fourteenth Amendment, that claim is dismissed pursuant to § 1915(e).

*Due process*

To the extent that Plaintiff is alleging that Defendants violated his due process rights under the Fifth and Fourteenth Amendments, Plaintiff does not indicate whether he is asserting a procedural process claim, a substantive due process claim, or both.

If Plaintiff is asserting a procedural due process claim with respect to the termination of kosher meals, or the denial of his subsequent applications to resume receiving kosher meals, that

claim fails. "To establish a procedural due process claim, a plaintiff must demonstrate: 1) a liberty or property interest protected by the due process clause; 2) a deprivation of that protected interest within the meaning of the due process clause; and 3) defendants' failure to afford adequate procedural rights prior to the deprivation." *Russell v. Wilkinson*, 79 F. App'x 175, 178 (6th Cir. 2003) (citing *Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir. 1999)). "To claim a constitutionally protected property right, one must have a 'legitimate claim of entitlement.'" *Id.* (quoting *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)). A prisoner does not have a constitutionally protected liberty interest in receiving kosher meals because discontinuation of a prisoner's participation in a kosher meal program is not an atypical or significant hardship in relation to the ordinary incidents of prison life. *Id*. (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff fails to state a plausible procedural due process claim upon which relief can be granted and that claim is dismissed pursuant to § 1915(e).

To the extent that Plaintiff is asserting a substantive due process claim with respect to termination of his kosher meals, Plaintiff also fails to state a claim. Conduct by the government will not be analyzed under the substantive due process component of the Fourteenth Amendment if that conduct implicates a constitutional right protected by another amendment. *Ciminillo v. Streicher*, 434 F.3d 461, 465 (6th Cir. 2006) ("Alleged conduct that does not implicate a constitutional right protected by another amendment will be analyzed under the substantive due process component of the Fourteenth Amendment.") (citing *United States v. Lanier,* 520 U.S. 259, 272 n.7 (1997)). Any substantive due process claim that Plaintiff may be asserting with respect to the discontinuation of his kosher meals "merely restates his First Amendment free exercise claim" and, therefore, "a more general substantive due process claim is not available."

*Wappler v. Kleinsmith*, No. 1:08-CV-595, 2010 WL 707339, at *7 (W.D. Mich. Feb. 22, 2010) (citing *Graham,* 490 U.S. at 395; *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 842 (1998)); *see also Hernandez*, 2011 WL 5971028, at *7 ("Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (internal quotation marks omitted) (citing *Graham,* 490 U.S. at 395). Any substantive due process claim that Plaintiff may be asserting is duplicative of his First Amendment claim, which the Court has already considered. *See Hernandez*, 2011 WL 5971028, at *7 (dismissing plaintiff's substantive due process claim concerning kosher food as duplicative of his First Amendment claim). Plaintiff fails to state a plausible Fourteenth Amendment substantive due process claim upon which relief can be granted and is dismissed pursuant to § 1915(e).

## III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** April 10, 2019